## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TOM ARBINO,                                    Case No. 1:11-cv-373
          Plaintiff                            Spiegel, J.

     vs

CINCINNATI BELL,                               **REPORT AND RECOMMENDATION**
          Defendant

     Plaintiff, a resident of Cincinnati, Ohio, brings this action against Cincinnati Bell.  By

separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to

determine whether the complaint, or any portion of it, should be dismissed because it is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

     Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if

satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i).  A

complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a

rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see

also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal

basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable

factual basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.  The

Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a

complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff's pro se complaint alleges that he received poor service from Cincinnati Bell

2

from February 21, 2011 through June 6, 2011.  Plaintiff alleges he has had continual problems with his internet service.  He states he is charged each time Cincinnati Bell personnel repair his internet connection, just to have his service break down again.  As relief, plaintiff requests that felony charges be filed and a fine be levied against Cincinnati Bell.

In this case, plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.

A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)).  In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967).  In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case.  The complaint indicates that plaintiff and the defendant are Ohio citizens.  In addition, the complaint fails to allege facts showing that the amount in controversy is satisfied.  Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Nor does the complaint allege a violation of federal law.  District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the

3

United States." 28 U.S.C. § 1331.  In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law.  A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The Court cannot discern any possible federal claim stemming from plaintiff's allegations.  Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

## IT IS THEREFORE RECOMMENDED:

1.  The complaint should be **DISMISSED**.

2.  The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*.  Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 6/14/2011                         s/Karen L. Litkovitz
                                        Karen L. Litkovitz, Magistrate Judge
                                        United States District Court

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TOM ARBINO,                                    Case No. 1:11-cv-373
        Plaintiff                              Spiegel, J.

        vs

CINCINNATI BELL,
        Defendant

**NOTICE**

        Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.  That period may be extended further by the Court on timely

motion by either side for an extension of time.  All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS**

after being served with a copy of those objections.  Failure to make objections in accordance

with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985);

*United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5